



## MEMORANDUM OPINION

No. 04-12-00124-CR

Robert **PIAZZI**, Jr.
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR7397
Honorable Angus McGinty, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  September 5, 2012

AFFIRMED

Robert Piazzi, Jr. was convicted by a jury of four counts of aggravated sexual assault.  On

appeal, Piazzi contends: (1) the trial court erred in denying his challenges for cause with regard

to five veniremembers; and (2) the evidence is insufficient to support his conviction.  We affirm

the trial court's judgment.

**CHALLENGE TO VENIREMEMBERS**

"To preserve error for a trial court's erroneous denial of a challenge for cause, [Piazzi] must show that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venire member; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury." *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). In this case, Piazzi contends the trial court erred in denying his challenge for cause to five veniremembers who stated that they would be unable to consider probation as a punishment option. The State responds that Piazzi failed to preserve this complaint for our review because defense counsel did not request additional peremptory challenges. We agree with the State that the record does not show that defense counsel requested additional strikes. Accordingly, the error, if any, was not preserved for our review. *See id.*

**SUFFICIENCY**

Piazzi's other complaint is that the evidence is insufficient to support the jury's verdict. Piazzi contends that the testimony of S.M., the complainant, regarding when the sexual assaults occurred is inconsistent with records showing when he picked S.M. up from school and when he dropped her off at daycare on the days her mother was working. The State responds that some of the records relied upon by Piazzi were created by Piazzi's mother, who ran the daycare where S.M. would go after school, and the documentary evidence did not cover the entire period during which the sexual assaults could have occurred.

In appeals in criminal cases, the only standard a reviewing court applies in reviewing sufficiency challenges is the *Jackson v. Virginia* legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under that standard, we view all of the evidence in

the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). As a reviewing court, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.*

S.M. and her mother moved in with Piazzi in November of 2006. S.M., who was ten-years-old at the time of trial, testified that she was five-years-old when Piazzi sexually assaulted her after he picked her up from school while her mother was working. S.M. testified that the sexual assault occurred on several occasions, but she did not remember specific dates. When S.M. was interviewed on April 13, 2007, she reported the last incident occurred in the week before she was interviewed.

S.M. told her mother about the sexual abuse on April 9, 2007, and S.M. and her mother moved out of Piazzi's home that day. S.M.'s mother testified that S.M. began asking her whether she had to work on a particular day approximately one month after they moved into Piazzi's home, and S.M. would cry when her mother told her she had to work. Although S.M.'s mother asked her if Piazzi was hurting her, S.M. denied it. S.M. told her mother that the abuse occurred on days when she was working, but S.M.'s mother testified that she did not know specific dates.

Computerized records were introduced to show the dates and times S.M.'s mother worked in March and April of 2007; however, the computerized records contained several entries for "badge errors" where the computer did not note the times. Records were also introduced to show the dates and times Piazzi would pick S.M. up from school beginning in January of 2007,

and the dates and times Piazzi would drop her off at his mother's daycare in March and April of 2007. Piazzi's mother made all of the entries in the daycare records.

As previously noted, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. "The jury may choose to accept or reject all or part of the testimony, and we must resolve any conflicts and inconsistencies in the evidence in favor of the jury's verdict." *Sony v. State*, 307 S.W.3d 354, 354 (Tex. App.—San Antonio 2009, no pet.). Although the records that were admitted showed that Piazzi took S.M. to his mother's daycare upon picking her up from school on several dates, the jury was required to determine what weight to give the daycare records. Moreover, no daycare records were introduced with regard to four of the months S.M. and her mother lived in Piazzi's home, and no records were introduced for the months of November and December of 2006. The evidence is legally sufficient to support the jury's verdict.

CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH